```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
MICHEL TOLIVER,                      :   10 Civ. 5354 (DAB) (JCF)
                                     :
            Plaintiff,               :        REPORT AND
                                     :      RECOMMENDATION
    - against -                      :
                                     :
N.Y.C. DEP'T OF CORRECTIONS          :
OFFICER OKVIST, # 18169,             :
N.Y.C. DEP'T OF CORRECTIONS          :
OFFICER LOPEZ, D. # 15427,           :
N.Y.C. DEP'T OF CORRECTIONS          :
OFFICER BARRET, N. # 17946,          :
N.Y.C. DEP'T OF CORRECTIONS          :
CAPTAIN PHIFER, D. # 743,            :
                                     :
            Defendants.              :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:

    Michel Toliver originally brought this action pro se pursuant to 42 U.S.C. § 1983 against the New York City Department of Correction ("DOC"), the DOC Commissioner, the DOC Chief of Department, Warden Mulvey of the George R. Vierno Center ("GRVC"), Correction Officers Barret and Lopez, and Correction Captain Phifer.  Mr. Toliver asserted that his constitutional rights were violated while in DOC custody when several DOC officers beat him and dragged him from a bus returning to GRVC from an urgent care facility.  On July 9, 2013, the Honorable Deborah A. Batts, U.S.D.J., adopted my Report and Recommendation and dismissed certain claims and defendants, while permitting the plaintiff to amend his complaint to include claims against Correction Officer

Okvist.  (Order dated July 9, 2013).  The remaining claims consist of allegations of use of excessive force against defendants Okvist, Lopez, and Barret, and a claim for failure to intervene against defendant Phifer.  These defendants have now submitted a letter motion seeking to dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the basis of the plaintiff's failure to prosecute.  For the reasons that follow, I recommend that the motion be granted.

Background

Following the completion of discovery, I issued an order on March 5, 2014, establishing a schedule for submission of the pretrial order.  Pursuant to that schedule, counsel was to submit the defendants' portion of the pretrial order by March 31, 2014, leaving blank those sections requiring the plaintiff's input; the plaintiff was to complete, sign, and return the pretrial order to defendants' counsel by April 30, 2014; and defendants' counsel was to submit the final version to the Court by May 15, 2014.  (Order dated March 5, 2014).  In a letter dated April 1, 2014, the plaintiff requested an extension of time in this and another case.  (Letter of Michel Toliver dated April 1, 2014).  By order dated April 10, 2014, I denied the application, noting that Mr. Toliver still had more than two weeks to complete and return his section of the pretrial order.  (Memorandum Endorsement dated April 10, 2014).

On May 6, 2014, defendants' counsel advised the Court that he had sent the draft pretrial order to the plaintiff as directed but had never received Mr. Toliver's completed portion. (Letter of Joseph A. Marutollo dated May 6, 2014 ("Marutollo Letter")). Defendants' counsel accordingly asked that the action be dismissed (Marutollo Letter), and I directed the plaintiff to respond to that application by May 30, 2014, and indicated that no further extensions would be permitted. (Memorandum Endorsement dated May 12, 2014). The only other communication I received from Mr. Toliver was a letter dated May 1, 2014, complaining that he could not respond to the Court's directives because his mail was being withheld from him by the correctional facility where he is now incarcerated. (Letter of Michel Toliver dated May 1, 2014).

Discussion

Rule 16(f) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 41(b) provides in pertinent part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Dismissal is a harsh remedy that is only appropriate in

3

extreme circumstances. Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993). When the plaintiff is proceeding pro se, the court should be particularly hesitant to dismiss the action on the basis of a failure to follow proper procedures. See Spencer, 139 F.3d at 112. Nevertheless, "all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Spencer, 139 F.3d at 112-13 (citations omitted); see also Peart, 992 F.2d at 461 (citations omitted).

The duration of the delay in this case is not insignificant. It has been more than a month since Mr. Toliver was required to submit his portion of the pretrial order.

Mr. Toliver received explicit notice of the consequences of his failure to meet his obligations when the defendants submitted the instant application seeking dismissal. Moreover, the plaintiff does not dispute that he was notified of the consequences of his continued failure to cooperate in producing the pretrial order. See Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (pro se plaintiff failed to respond to motion to dismiss and so failed to dispute that he was notified of consequences of failure to prosecute), aff'd, 152 F.3d 917 (2d Cir. 1998).

The delay created by the plaintiff's refusal to cooperate in drafting the pretrial order is clearly prejudicial. The defendants are unable to prepare for trial without knowing what evidence and witnesses the plaintiff intends to proffer, yet they still continue to incur the costs of organizing and preserving evidence dating to 2010.

A balancing between the Court's interest in efficient adjudication and the plaintiff's interest in having his day in court must, in this instance, favor dismissal. While one case more or less has little impact on the Court's docket, Mr. Toliver's interest in having his day in court is outweighed by his failure to comply with his obligations under the Federal Rules. See Lediju v. New York City Department of Sanitation, 173 F.R.D. 105, 111-12

(S.D.N.Y. 1997); Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. 1989).

No sanction short of dismissal would be appropriate here. In a case where a party's delay has caused the adversary only to incur expenses, monetary sanctions may be sufficient. But here, in addition to incurring the cost of moving for sanctions, the defendants have also suffered prejudice to their ability to prepare for trial.

Finally, the plaintiff's suggestion that his failure to comply is attributable to interference with his mail is not credible. This is an excuse he has offered each time he has failed to meet a deadline in this case and in the numerous other cases he has filed in this Court. Notably, prison authorities do not appear to have interfered with the letters in which Mr. Toliver complains about the purported interference. Furthermore, although the plaintiff was able to communicate with the Court about his inability to meet his deadline here, he never included in those communications the draft pretrial order he was supposed to provide. In short, I find his complaints of interference with his mail to be pretextual.

Conclusion

For the reasons set forth above, I recommend that the defendants' motion be granted and the action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, Room 2510, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
June 5, 2014

Copies mailed this date:

Michel Toliver
10-A-4565
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, NY 14541

Joseph A. Marutullo, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007