```
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL TOLIVER,

                    Plaintiff,           10-CV-5354 (DAB)(JCF)

         v.                              ORDER

N.Y.C. DEP'T OF CORRECTIONS
OFFICER OKVIST, # 18169,

N.Y.C. DEP'T OF CORRECTIONS
OFFICER LOPEZ, D. # 15427,

N.Y.C. DEP'T OF CORRECTIONS
OFFICER BARRET, N. # 17946,

N.Y.C. DEP'T OF CORRECTIONS
CAPTAIN PHIFER, D. # 743,

                    Defendants.
----------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

On June 5, 2014, United States Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report") recommending that Defendants' Letter Motion seeking to dismiss the Action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure be granted.  For the reasons set forth below, the Report is adopted in its entirety and the Action is DISMISSED WITH PREJUDICE.

   I.   Background

Pro se Plaintiff Michael Toliver brought this action pursuant to 42 U.S.C. § 1983 against the New York City Department of Correction ("DOC"), the DOC Commissioner (the "Commissioner"), the DOC Chief of Department (the "Chief"),

Warden Mulvey (the "Warden"), of the George R. Vierno Center ("GRVC"), Correction Officers Barrett and Lopez, Correction Captain Phifer, and three unidentified Corrections Officers, asserting that Plaintiff's constitutional rights were violated while in DOC custody when several DOC officers beat him and dragged him from a bus returning to GRVC from an urgent care facility.  By Order dated July 9, 2013, this Court adopted a Report and Recommendation from Judge Francis and granted Defendants' Summary Judgment Motion in part, dismissing claims against the DOC, Commissioner, Chief, and Warden, dismissing the Deliberate Indifference claim against Captain Phifer and dismissing the state law claims.  (ECF No. 94.)  In that same Order, this Court denied Defendants' Motion for Summary Judgment on the Failure to Intercede claim against Captain Phifer.  (Id.) This Court also granted Plaintiff leave to amend the Complaint to add as a defendant C.O. Okvist.  (Id.)  The remaining claims consist of allegations of use of excessive force against Defendants Okvist, Lopez, and Barret, and a claim for failure to intervene against Captain Phifer.

Following the close of discovery, Judge Francis issued an Order on March 5, 2014 setting forth a schedule for submission of the pretrial order.  (Report at 2.)  The scheduling order required Defense Counsel to submit Defendants' portion of the pretrial order by March 31, 2014, leaving blank Plaintiff's

2

portion. (Id.) Plaintiff was to complete, sign, and return the pretrial order to Defense Counsel by April 30, 2014, who were required to submit the final version to the Court by May 15, 2014. (Id.) Plaintiff submitted a letter dated April 1, 2014 requesting an extension of time, which Judge Francis denied by Order dated April 10, 2014. (Id.) Defense Counsel advised Judge Francis on May 6, 2014 that Defense Counsel had sent the draft pretrial order to Plaintiff as directed, but that Defense Counsel had not received Plaintiff's completed portion. (Id. at 3.) Defendants asked Judge Francis to recommend dismissing the action, and Judge Francis directed Plaintiff to respond to that application by May 30, 2014, indicating that no further extensions would be permitted. (Id.) Judge Francis reports that the only other communication he received from Plaintiff was a letter dated May 1, 2014 stating that he could not respond to the Court's directives because Plaintiff's mail was being withheld from him by the correctional facility where he is incarcerated. (Id.) Defense Counsel subsequently submitted a letter on June 3, 2014 requesting that Judge Francis recommend that the Court dismiss the Action for failure to prosecute pursuant to Rule 41(b), Rule 16(f), and Rule 37(b)(2)(A). (ECF No. 114.) Judge Francis issued his Report and recommended dismissing the Action on June 5, 2014. (ECF No. 115.) On June 12, 2014, this Court received a letter from Plaintiff dated June

3

8, 2014, opposing Defendant's letter of June 3, 2014. (ECF No. 116.) On June 16, 2014, Defendants filed a letter in response to Plaintiff's June 8, 2014 letter and argued that this Court should adopt the Report and Recommendation in its entirety. (ECF No. 117.) On June 20, 2014, this Court received copies of letters from Plaintiff dated May 16, 2014 addressed separately to this Court and to the Honorable Chief Judge Preska but sent to the Chambers of Judge Preska.[1] Plaintiff in his May 16, 2014 Letter addressed to this Court, but sent to Judge Preska, requests that the Court construe the Letter as his "'Second' ('2nd') opposition to Defendants' Motion to Dismiss pursuant to

---

[1] Plaintiff frequently sends correspondence in this Action to the Chief Judge. (See, e.g., ECF No. 137 (Letter dated August 10, 2015 from Plaintiff to Chief Judge Preska, asking for assistance in this matter), ECF No. 127 (Letter dated September 14, 2014 from Plaintiff to Chief Judge Preska asking for assistance in this matter). Plaintiff sometimes sends his submissions directly to the Pro Se Office, however Plaintiff often mails materials directly to Judges of this Court, even sometimes addressing letters to one Judge regarding several cases before other Judges. This Court had previously warned Plaintiff that it is inappropriate to send correspondence directly to Chambers and that such correspondence should be sent to the Pro Se Office instead. (See Letter from Noah H. Popp to Plaintiff dated Aug. 27, 2010, attached to Plaintiff's Mem. in Opp'n to Defendants' Motion for Summary Judgment (ECF No. 87).) Judge Francis in his December 11, 2012 Report regarding Defendants' summary judgment motion also noted that "Mr. Toliver had been warned that communications regarding his case should be sent to the Pro Se Office, rather than to chambers. This directive is also included in the manual for pro se litigants that Mr. Toliver was sent on July 26, 2010." (ECF No. 92 at 6 n.4 (citations omitted).) Additionally, all pro se litigants are required to submit their papers to the Pro Se Office pursuant to a standing order of the Court. (See In the Matter of Pro Se Litigation, M10-468, Document # 58, signed by Thomas P. Griesa, Chief Judge, Oct. 31, 1996; see also A Manual for Pro Se Litigants Appearing Before the United States District Court for the Southern District of New York at 6 (Jan. 2011) ("By standing order of the Court, all pro se litigants must submit their papers to the Pro Se Office (unless specifically directed by the Judge to submit papers directly to that Judge's chambers).".) Accordingly, Plaintiff has been advised on several occasions that submissions should be sent to the Pro Se Office, not to this or other Judges' Chambers.

Rules 41(b) and 16(f) and Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure – as a formal Motion in opposition." Included with this Letter is an affidavit from Plaintiff attesting that he "did submit his part of the Joint Pre-trial Order(s) to Defendants via the Mailroom here at Five Points Correctional Facility First Class Mail through U.S. Postal Service: 'Twice' (Before the deadline)." (Toliver Aff. Dated May 17, 2014 ¶ 2(a).) The Affidavit also states that "Plaintiff has twice Answered Defendants May 6, 2014 Letter seeking dismissal for failure to prosecute (the first was sent on Monday May 12, 2014)." (Id. ¶ 3.)

On June 24, 2014, this Court received a letter from Plaintiff dated June 10, 2014 requesting an extension of time to submit objections to the Report. (ECF No. 119.)[2] On June 25, 2014, this Court granted Plaintiff forty-five days to submit objections. (ECF No. 118.) On June 30, 2014, this Court received a letter from Plaintiff dated June 23, 2014, opposing Defendant's letter of June 16, 2014 requesting that the Court dismiss the Action for failure to prosecute. (ECF No. 120.) In this June 23, 2014 Letter, Plaintiff reiterates his concerns about being able to send and receive mail from the facility in

---

[2] In an attempt to organize Plaintiff's numerous submissions in this case, the Court typically forwards Plaintiff's submissions to the Pro Se Office when the Court realizes that documents have been sent directly to Chambers and not to the Pro Se Office.

5

which he is incarcerated.  (Id.)  Enclosed with this Letter are Advisory Forms from Five Points Correctional Facility dated January 14, 2014, and February 10, 2014, with the option that "Free postage exceeded. Stamps are available in the Commissary" circled under the heading "This mail is being returned to you:". (Id.)  On July 7, 2014, this Court received a letter from Plaintiff dated June 30, 2014 described as "a formal motion continuing to oppose the Honorable Magistrate Judge Francis's Report and Recommendation."  (ECF No. 121.)  In this June 30, 2014 Letter, Plaintiff states that he:

> has proof in connection with the Opposition and the assertion that plaintiff has not filed and served the pretrial order and the opposition to the Report and Recommendation.
>
> On Plaintiff's inmate account statement for the month of "5/01/14-through-5/30/14" on page ("6") six under "Reason" states: "Postage Aduance [sic]; "Date Imposed" 5/1/14 in connection to the signed disbursement showing "PTO" for both dockets 10 Civ. 5806 and 5354 mailed to chief Preska on May 1, 2014 the disbursement was approved by "M.V."
> Verified by housing officer on 4/28/14 and shows a "Deadline for May 9, 2014.
>
> Plaintiff is in receipt of both the processed disbursement and the indication on the ("6") page Plaintiff also has two additional disbursements with deadlines of: 6/18 and 6/19/2014 processed by the administration on 6/17/14 one day before the deadline; but submitted a week and a half due to the mail being withheld in connection with these two cases: 10 Civ. 5806 and 10 Civ. 5354.

6

(Id. at 2-3.)[3]  In this Letter, Plaintiff requested additional time to submit copies of these documents (id. at 3), however Plaintiff never submitted the documents.  The Court has since received a slew of other letters from Plaintiff, addressed both to this Court and to the Chief Judge.  (See, e.g., ECF Nos. 122, 124-128, 130, 135, 137.)

## II. Legal Standard

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for dispositive motions and prisoner petitions.  (28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).)  "Within 14 days after being served with a copy [of a magistrate judge's report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  (Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).)

A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  (28 U.S.C. § 636(b)(1).)  However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the

---

[3] It is not clear to the Court what deadlines of May 9, 18, and 19, 2014 Plaintiff is referring to, however it appears that Plaintiff was required to respond to a motion to dismiss for failure to prosecute in 10 Civ. 5806 by May 9, 2014.  (See Toliver v. Dept. of Corrections et al., 10-cv-5806 (SHS)(JCF) (ECF No. 132).)

Court will review the Report strictly for clear error. (DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (internal quotation marks and alterations omitted).) While 28 U.S.C. § 636(b)(1) and Rule 72(b) give the Court discretion to consider additional material that was not submitted to the magistrate judge, (Hynes v. Squillace, 143 F. 3d 653, 656 (2d Cir. 1998)), a party has no right to present additional evidence when the party provides no justification for not offering the evidence in its submissions to the magistrate. (See, e.g., Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990); Azkour v. Little Rest Twelve, Inc., No. 10 Civ. 4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) ("[C]ourts generally do not consider new evidence raised in objections . . . absent a compelling justification for failure to present such evidence to the magistrate judge.") (internal quotations and citations omitted).)  Despite the general leniency accorded to pro se parties, (Howell v. Port Chester Police Station, No. 09 Civ. 1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)), courts generally do not allow pro se parties to litigate matters in their objections that were not presented to the magistrate judge.  (Id.; see also Litchmore v. Williams, 11 CIV. 7546, 2013 WL 3975956, at *2 (S.D.N.Y. Aug. 5, 2013) (collecting cases).)

After conducting the appropriate levels of review, a court

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. (28 U.S.C. § 636(b)(1).)

### III. Application

The basis for Defendants' motion to dismiss and Judge Francis's recommendation in the Report is that Plaintiff has failed to comply with Court directives. (See, e.g., Report at 6.) Liberally construed, Plaintiff objects to the Report's recommendation that the Action be dismissed because Plaintiff claims that he did in fact send the required submissions to Defendants and that he has and continues to experience difficulties with his mail being withheld, causing him to miss deadlines.

None of Plaintiff's submissions attempting to establish that he sent the pretrial order and opposed Defendants' May 6, 2014 letter, as ordered by Judge Francis, were ever properly presented to Judge Francis. Instead, any documents attempting to oppose dismissal and demonstrate compliance with Judge Francis's orders were not filed and available for Judge Francis but were instead sent to this Court and to Judge Preska. Plaintiff has been warned on several occasions, however, that he is to submit court materials to the Pro Se Office so that they may be properly filed. Judge Francis's concern was that

9

Plaintiff regularly fails to comply with Court directives.  In this instance, instead of filing opposition materials for Judge Francis to review, Plaintiff has sent a slew of letters and excuses to this Court and to Judge Preska.  It is unclear why Plaintiff did not submit materials for Judge Francis's review, and his repeated attempts to circumvent Judge Francis's Orders by contacting the Chief Judge and this Court, instead of contacting Judge Francis, only hurt Plaintiff's credibility.  It also has caused severe confusion and delay in this Action.  Notably, Plaintiff has provided no justification for mailing materials to other Judges instead of properly submitting them to Judge Francis.  (See Azkour, 2012 WL 1026730, at *2 ("[C]ourts generally do not consider new evidence raised in objections . . . absent a compelling justification for failure to present such evidence to the magistrate judge.") (internal quotations omitted).)

   The Court nonetheless reviewed all of Plaintiff's submissions, regardless of whom they were sent to.  In the letters submitted to this Court and to Judge Preska, Plaintiff has referenced various documents that allegedly demonstrate that Plaintiff complied with Judge Francis's Orders.  However, Plaintiff has never submitted those documents to the Court.  For example, Plaintiff referenced his account statement which purportedly demonstrates that he mailed the materials at issue.

(See ECF No. 121.)  Despite stating over one year ago that Plaintiff possesses an account statement that would demonstrate that Plaintiff did mail the required documents, Plaintiff never submitted the account statement.  Moreover, the deadlines referenced in the account statement are not relevant to this Action and instead seem to apply to one of the many other cases Plaintiff has filed in this District.

Additionally, the documentation Plaintiff has actually sent does not demonstrate Plaintiff's compliance with Judge Francis's Orders.  For example, Plaintiff argued that he submitted materials on-time, but that the materials were returned to him because his mail was withheld due to insufficient postage. Judge Francis's Orders required Plaintiff to submit certain materials by April 30, 2014 and May 30, 2014.  The documentation Plaintiff submitted from the Correctional Facility demonstrating that Plaintiff's mail was returned because Plaintiff exceeded his allotment of free postage is dated January 14, 2014 and February 10, 2014.  This period is before the April-May 2014 timeframe at issue here and therefore not relevant.

Further, although Plaintiff has repeatedly argued that he has and continues to be unable to comply with Court deadlines because of alleged interference with Plaintiff's mail, Judge Francis did not find Plaintiff's excuse credible.  (See Report at 6 ("This is an excuse he has offered each time he has failed

11

to meet a deadline in this case and in the numerous other cases he has filed in this Court. Notably, prison authorities do not appear to have interfered with the letters in which Mr. Toliver complains about the purported interference. Furthermore, although the plaintiff was able to communicate with the Court about his inability to meet his deadline here, he never included in those communications the draft pretrial order he was supposed to provide. In short, I find his complaints of interference with his mail to be pretextual."). While de novo review of the Report is required where Plaintiff has submitted specific objections, this Court emphasizes that Judge Francis is in a much better position to judge Plaintiff's credibility in this situation. (See Toliver v. City of New York, No. 10-CV-5806(SHS), 2014 WL 2870315, at *1 n.1 (S.D.N.Y. June 24, 2014) ("Although the Court has conducted a de novo review of the Report and Recommendation, the Court notes that Judge Francis, who has overseen extensive pretrial proceedings in a full dozen of plaintiff's actions, is particularly well positioned to assess the credibility of Toliver's assertions. (See, e.g., 10-cv-822, 10-cv-3165, 10-cv-5354, 10-cv-5355, 10-cv-5803, 10-cv-5804, 10-cv-5805, 10-cv-5807, 10-cv-6298, 10-cv-6619, 10-cv-6666, 10-cv-7798.)".)

  Accordingly, the Court finds Plaintiff's objections to be procedurally improper and without merit.

IV. Conclusion

Having conducted the appropriate levels of review, this Court adopts the Report in its entirety. The Amended Complaint is hereby DISMISSED WITH PREJUDICE. On September 12, 2014, Plaintiff filed a letter requesting assignment of counsel, (ECF No. 126), which is now dismissed as moot. The Clerk of the Court is directed to close the docket on this case.

SO ORDERED.

Dated:   December 10, 2015
         New York, New York

                                    _____
                                        Deborah A. Batts
                                    United States District Judge